Per Curiam.

The agreement between the parties contained a broad arbitration clause to the effect that 1 ‘ Any controversy or claim arising out of or relating to this Agreement or the breach thereof shall be settled by arbitration”. Such provision embraced a dispute over whether the seller-installer had performed its obligations. It is immaterial that the buyer in resisting payment contends that the failure to perform properly also entails a violation of law. Otherwise, it would be the rare arbitration agreement that could not be nullified merely by the contention of illegality in performance. Moreover, an arbitrator’s award would hardly bind any but the parties to the arbitration, and the public interest in enforcement of public law would, therefore, Hot be hampered. It suffices that the agreement was lawful and called for lawful performance, a condition not present in Durst v. Abrash (22 A D 2d 39, affd. 17 N Y 2d 445), if the borrower’s contentions in that case were established. Nor does the buyer apply Matter of Aimcee Wholesale Corp. (Tomar Prods.) (21 N Y 2d 621) properly. There the right of the buyer to arbitration under the agreement was sustained, but the respondent (seller) to the arbitration *642 was barred from interposing a counterclaim based on illegal conduct by the buyer in exacting a discriminatory price reduction, under the antitrust laws, a quite different matter and a quite different outcome from that which the buyer in this case would have (id., pp. 624, 630).
In all other respects there is agreement with the views expressed in the opinion at the Appellate Division.
Accordingly, the order of the Appellate Division should be affirmed, with costs.
Chief Judge Fuld and Judges Scileppi, Bergan, Breitel, Jasen and Gtbson concur in Per Curiam opinion; Judge Burke taking no part.
Order affirmed.